# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1452

_____

| | | |
|---|---|---|
| John Stanley Newberry, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth McKee, Sheriff, Washington | * | Western District of Arkansas. |
| County, Arkansas; Jim Renfrow, Sgt.; | * | |
| Randall Denzer, Lt.; Bruce Center, | * | [UNPUBLISHED] |
| Deputy; Rick Holly, Deputy; Ridenour, | * | |
| Deputy, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 3, 2001
Filed: August 8, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate John Newberry appeals from the district court's[1] judgment for defendants following a bench trial on his 42 U.S.C. § 1983 excessive-force claim.

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

After careful consideration of the arguments in Newberry's brief, we conclude that the district court's judgment should be affirmed. Newberry fails to direct us to anything in the record which would show that the district court erred in entering judgment against him after crediting defendants' testimony regarding their conduct, <u>see</u> <u>United States v. Wicker</u>, 80 F.3d 263, 268 (8th Cir. 1996) (district court's findings as to credibility of witnesses are virtually unreviewable on appeal), or that it abused its discretion in refusing to appoint counsel, <u>see</u> <u>Stevens v. Redwing</u>, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review; pro se litigant has no statutory or constitutional right to have counsel appointed in civil case).

Accordingly, we affirm, <u>see</u> 8th Cir. R. 47B., and deny all of Newberry's pending motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-